[No. 1100.]

F. MANDLEBAUM, APPELLANT, v. LOUIS LIEBES, RESPONDENT.

WHEN STATEMENT MUST CONTAIN THE EVIDENCE.—A judgment will not be reversed upon the ground of insufficiency of the evidence unless the statement purports to contain all of the evidence given at the trial.

ERRONEOUS RULING IN EXCLUDING EVIDENCE—HOW CURED.—Where the court makes an order excluding certain testimony, and thereafter, during the trial, the objection to the testimony is withdrawn: *Held*, that the error, if any, excluding the testimony, was cured by the withdrawal of the objection.

IDEM—ABSENCE OF WITNESS—POSTPONEMENT.—If the witness whose testimony was excluded was absent when the objection was withdrawn, that fact should have been affirmatively shown by appellant. In such a case it would be the duty of the party to ask for a postponement in order to secure the attendance of the witness before he could take advantage of the ruling of the court.

APPEAL from the District Court of the First Judicial District, Storey County.

*Wal. J. Tuska* and *R. H. Taylor*, for Appellant.

*Stone & Hiles*, for Respondent.

By the Court, BELKNAP, J.:

The judgment and order overruling appellant's motion for a new trial are sought to be reversed upon the grounds, first, of insufficiency of the evidence to justify the decision, and that it is against law; and, second, of error in law occurring at the trial. The first point cannot be considered, because the statement does not purport to contain all of the evidence. The second point arises upon the exclusion of testimony offered by the plaintiff. Subsequent to the ruling excluding the testimony, and during the trial, the objection to the testimony was withdrawn.

It is unnecessary to review this ruling. Assuming that it was erroneous, the error was cured by the withdrawal of the objection. It is true, as claimed by appellant, that the record does not affirmatively show that the witness by whom plaintiff offered to prove the rejected testimony was in court at the time of the withdrawal, or afterwards during the trial; but it states that plaintiff " did not thereafter offer to avail himself of the testimony of Boskowitz pertaining to said contract."

Conceding proper care to the attorneys of the plaintiff who prepared the statement, and to the judge who settled it, we conclude that plaintiff had an opportunity to avail himself of the testimony. If the language employed is not capable of this intendment and no other, it is unmeaning and trifling.

It is said in behalf of appellant that it may have been beyond his power to have produced the witness after the withdrawal of the objection. If such were the fact, appellant should have shown it, and should have asked for a postponement of the case to such reasonable time as would have enabled him to have procured the attendance of the witness.

The judgment and order of the district court are affirmed.